1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    VINCENT JOHN BAZEMORE,                       No.  2:15-cv-0237 KJN P
12                         Petitioner,
13          v.                                      ORDER AND FINDINGS &
                                                    RECOMMENDATIONS
14    RAFAEL ZUNIGA, WARDEN,
15                         Respondent.
16
17          Petitioner is a federal prisoner, proceeding without counsel.  Petitioner filed a petition for
18    writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims actual innocence of his
19    2009 conviction of securities fraud.  Respondent filed an answer; no reply was filed by petitioner.
20    As set forth below, the petition should be denied.
21    I.  Background
22          On October 18, 2007, petitioner signed a plea agreement in United States v. Bazemore,
23    Case No. 3:07-cr-0312 (No. Dist. Texas).  Petitioner pled guilty to the offense of securities fraud,
24    in violation of 15 U.S.C. §§ 77a(a) & 77x.  (ECF No. 18-1 at 1.)  Petitioner was sentenced to 60
25    months in the custody of the Bureau of Prisons.  (ECF No. 1 at 1.)
26          On January 6, 2010, petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the
27    Northern District of Texas, raising various claims of ineffective assistance of counsel, which
28    sought to undermine the voluntariness of petitioner's guilty plea.  (ECF No. 8 at 2; Bazemore v.

                                                 1

1    United States, Case No. 3:10-cv-0027 (No. Dist. Texas), ECF No. 34 at 3.)  In denying the § 2255

2    motion, the Northern District of Texas court found that petitioner's guilty plea was knowing and

3    voluntary, noting that at arraignment, petitioner confirmed he reviewed the plea agreement,

4    understood the consequences of the plea, and voluntarily entered into the plea agreement.  (Id.,

5    ECF No. 34 at 3-4, citing Arraignment Transcript at 13-15.)  The court concluded that petitioner

6    could not establish that there was a reasonable probability that, but for defense counsel's alleged

7    errors, petitioner would not have pled guilty and would have insisted on an indictment and trial,

8    which would have exposed petitioner to a much higher sentence.  (Id., ECF No. 34 at 5.)  The

9    § 2255 motion was denied on November 29, 2010.  (Id.)

10          In addition, petitioner requested leave to file a successive § 2255 motion, claiming actual

11   innocence based on an allegedly illegal order of restitution, and ineffective assistance of counsel

12   based on counsel allegedly allowing petitioner to plead guilty because petitioner is actually

13   innocent, and the plea agreement and factual resume contained false information, based on

14   "newly-presented evidence" in the form of an email sent to Capital First Management that

15   allegedly contradicted the statements made in the factual resume and at sentencing.  In re

16   Bazemore, No. 11-10573 (5th Cir. 2011) (ECF No. 00511507216 at 6.)  The Fifth Circuit found

17   that petitioner failed to provide new evidence in support of his claims, and denied the motion for

18   authorization to file a successive § 2255 motion.  In re Bazemore, No. 11-10573 (5th Cir. Aug.

19   31, 2011.

20          On October 26, 2012, petitioner completed his term of imprisonment for the 2009

21   conviction.  (ECF No. 18 at 1.)  However, on October 3, 2012, petitioner was indicted in a

22   separate criminal action, United States v. Bazemore, Case No. 3:12-cr-0319 (No. Dist. Texas).

23   (ECF No. 18 at 1 n.1.)  Petitioner was arrested on the new charges on October 26, 2012, when he

24   discharged the 2009 sentence, and was sentenced on March 28, 2014, in Case No. 3-12-cr-0319,

25   to a 292-month term of imprisonment, which he is currently serving.[1]  (ECF No. 18 at 1 n.1.)

26

27   _____

[1]  The electronic docket in Case No. 3:12-cr-0319 reflects that the action was remanded for
resentencing, which is presently set for August 17, 2015.  Id., ECF No. 160.

28

1    Petitioner remains subject to a three year term of supervised release for the 2009 conviction.[2]

2    (ECF No. 18 at 1 n.1.)

3          On December 24, 2014, petitioner filed the instant petition, claiming actual innocence

4    based on the following facts:

5              I did not commit the acts underlying my conviction.  Specifically, I
               did not knowingly make [a] false statement about the investment
6              that I sold.  As a salesman, I was not in a position to know the truth
               about the investment I sold.
7

8    (ECF No. 1 at 3.)

9    II.  Discussion

10         Generally, a federal prisoner who seeks to challenge the legality of confinement must rely

11   on a motion under 28 U.S.C. § 2255.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006),

12   cert. denied, 549 U.S. 1313 (2007).  Thus, jurisdiction does not lie under § 2241 unless petitioner

13   qualifies for the sole exception to the rule that § 2241 does not permit challenges to a criminal

14   judgment.  A federal prisoner may contest the legality of his conviction or sentence in a § 2241

15   petition only where his remedy under § 2255 is "inadequate or ineffective to test the legality of

16   his detention."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); Stephens, 464 F.3d at

17   897.  This exception is known as the § 2255 "escape hatch."  Lorentsen v. Hood, 223 F.3d 950,

18   953 (9th Cir. 2000).  It is a narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.),

19   cert. denied, 540 U.S. 1051 (2003).

20         Section 2255's remedy is not "inadequate or ineffective" merely because of that statute's

21   gatekeeping provisions.  Ivy, 328 F.3d at 1059.  A § 2241 petition is available pursuant to the

22   "escape hatch" only where a petitioner (1) makes a claim of actual innocence, and (2) has not had

23   an "unobstructed procedural shot" at presenting that claim.  Stephens, 464 F.3d at 898 (citing Ivy,

24   328 F.3d at 1060).  Both requirements must be satisfied.

25   ////

26

27   [2]  Thus, if petitioner had not waived his right to collaterally attack the 2009 conviction, this court
     would retain habeas jurisdiction over the 2009 conviction.  Matus-Leva v. United States, 287 F.3d
28   758, 761 (9th Cir. 2002).

1    Here, although petitioner claims actual innocence, he fails to demonstrate that he did not

2    have an "unobstructed procedural shot" at presenting the instant claim.  The two factors to

3    consider when assessing whether petitioner had an unobstructed procedural opportunity to present

4    his claim of innocence are:  (1) whether the legal basis for petitioner's claim did not arise until the

5    conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable

6    law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion.

7    Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

8    Petitioner does not show that a relevant change in the law occurred after November 29,

9    2010, when his first § 2255 motion was denied, or that the legal basis for petitioner's instant

10   actual innocence claim arose after November 29, 2010.  Because petitioner does not qualify for

11   the escape hatch, this court lacks jurisdiction under § 2241 to entertain the petition.  See Stephens,

12   464 F.3d at 899 (affirming dismissal for lack of jurisdiction where § 2241 petition challenged

13   legality of conviction and sentence, and "escape hatch" exception to § 2255 did not apply).

14   Because this court lacks jurisdiction under § 2241, dismissal is appropriate.[3]

15   III.  Waiver

16   But even assuming, *arguendo*, petitioner could pursue the § 2241 petition, he entered into

17   a plea agreement in which he waived the right to file a petition under 28 U.S.C. § 2241.

18   Specifically, petitioner waived his right to appeal or otherwise challenge his conviction and

19   sentence, including proceedings under 28 U.S.C. §§ 2241 or 2255, except as provided in the plea

20   agreement.  (ECF No. 18-1 at 5.)  In the plea agreement, petitioner reserved his right to challenge

21   specific sentencing errors, the voluntariness of his plea, and to bring a claim of ineffective

22   assistance of counsel.  (ECF No. 18-1 at 5.)

23   Because a plea agreement is contractual in nature, its plain language will be enforced if

24   the agreement is clear and unambiguous on its face.  United States v. Jeronimo, 398 F.3d 1149,

25   _____

26   [3]  Petitioner has already pursued a motion to vacate his conviction under 28 U.S.C. § 2255, and
must seek authorization from the United States Court of Appeals for the Fifth Circuit in order to

27   file a second or successive § 2255 motion.  Thus, the court declines to exercise its discretion to
construe the petition as a § 2255 motion and recommend transferring this action to the Northern

28   District of Texas.

1    1153 (9th Cir.), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947,

2    957 (9th Cir. 2007) (en banc).  The only claims that cannot be waived are claims that the waiver

3    itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.

4    See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 547 U.S. 1074

5    (2006).

6         Here, petitioner makes no showing that the waiver of his right to appeal or collaterally

7    challenge his conviction was invalid, or that his plea was not knowing or voluntary.  The written

8    plea agreement signed by petitioner states that the

9
            plea of guilty is freely and voluntarily made and is not the result of
10           force or threats, or of promises apart from those set forth in this
            plea agreement.  There have been no guarantees or promises from
11           anyone as to what sentence the Court will impose.

12   (ECF No. 18-1 at 4-5.)  Moreover, as the court in the Northern District of Texas noted, petitioner

13   acknowledged in open court that his guilty plea was entered knowingly and voluntarily during the

14   plea colloquy held at the arraignment hearing.  Bazemore v. United States, Case No. 3:10-cv-

15   0027 (No. Dist. Texas) (ECF No. 34 at 3-4).  In the instant petition, petitioner did not address the

16   plea agreement or the entry of his plea, and he failed to file a reply to respondent's answer.

17        Thus, the petition should also be denied based on petitioner's knowing and voluntary

18   waiver of his right to collaterally challenge his conviction through a petition under 28 U.S.C.

19   § 2241.  The instant claim, which challenges his underlying conviction, does not fall within the

20   exceptions expressly provided for in the written plea agreement.  (ECF No. 18-1 at 5.)  Thus,

21   petitioner has not overcome the waiver of his right to challenge his conviction pursuant to 28

22   U.S.C. § 2241, and the petition should be dismissed.

23   IV.  Conclusion

24        In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

25   randomly assign a district judge to this case; and

26        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

27   habeas corpus be dismissed for the reasons explained above.

28   ////

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  Dated:  June 12, 2015

10

11                                                                   KENDALL J. NEWMAN
                                                                     UNITED STATES MAGISTRATE JUDGE
12  /baze0237.2241

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28